1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOSE TRUJILLO,                          Case No.  1:21-cv-01691-ADA-BAM

12              Plaintiff,                   **ORDER VACATING HEARING**

13         v.                                **ORDER GRANTING PLAINTIFF'S**
                                             **AMENDED MOTION FOR LEAVE TO**
14   SSSC, INC., et al.,                     **FILE SECOND AMENDED COMPLAINT**

15              Defendants                    (Doc. 76)

16

17         Currently pending before the Court is Plaintiff Jose Trujillo's amended motion for leave to

18   file a Second Amended Complaint.[1]  (Doc. 76.)  Defendant SSSC, Inc. opposed the motion, and

19   Plaintiff Trujillo replied.  (Docs. 78, 79.)  The Court finds the motion suitable for decision

20   without oral argument.  L.R. 230(g).  The hearing set for February 10, 2023, is VACATED.

21         Having considered the motion, opposition, and record in this case, Plaintiff Trujillo's

22   amended motion for leave to file a Second Amended Complaint will be GRANTED pursuant to

23   Federal Rule of Civil Procedure 15(a)(2).

24   ///

25   ///

26   _____

27   [1]      Plaintiff Trujillo's motion for leave to file Second Amended Complaint (Docket No. 74), filed on
     December 21, 2022, included the incorrect case number.  Plaintiff Trujillo filed an amended motion and a
     request that docket number 74 be stricken.  (See Doc. 75.)  Based on the request and subsequent filing of
28   the instant motion, docket number 74 is HEREBY DISREGARDED.

                                             1

**BACKGROUND**

On November 24, 2021, Plaintiff Trujillo filed this action under the Americans with Disabilities Act of 1990 ("ADA"), California's Unruh Civil Rights Act (California Civil Code § 51), and the California Health and Safety Code, alleging violations at Mariscos El Camaron Borracho, located in Tulare, California.  (Doc. 1.)  By the complaint, Plaintiff sought damages, injunctive and declaratory relief, and attorneys' fees and costs against Defendants Gladys Virginia Barboza dba Mariscos El Camaron Borracho, Angel Barboza dba Mariscos El Camaron Borracho, and SSSC, Inc.  (*Id.*)  The Clerk of the Court entered default against Defendants Gladys Virginia Barboza and Angel Barboza on February 14, 2022.  After an extension of time to respond, Defendant SSSC, Inc. answered the complaint on April 5, 2022.  (Doc. 23.)

The following day, on April 6, 2022, Plaintiff Trujillo amended his complaint as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B).  (Doc. 24.)  The operative First Amended Complaint expands the alleged violations to additional facilities in the same shopping center located in Tulare, California.  These spaces include:  Mariscos El Camaron Borracho, El Charro Restaurant, Neverias El Sabor de Michoacan, Super Stop, and Super Mercado Julian. (Doc. 24, First Amended Compl. at ¶ 1.)  By the amended complaint, Plaintiff seeks damages, injunctive and declaratory relief, and attorneys' fees and costs against Defendant SSSC, Inc., the landlord defendant, and Defendants Carlos Alberto Virgen Andrade dba Mariscos El Camaron Borracho, Leticia Vega Lopez dba El Charro Restaurant, Pablo Torres Juarez dba El Charro Restaurant, Rafael Andrade dba Neverias El Sabor de Michoacan, Adib M. Dakheil dba Super Stop, Thaar Najjar dba Super Stop, Rodolfo Arias Magdaleno dba Super Mercado Julian, David Lara dba Super Mercado Julian, Damariz M. Leon dba Super Mercado Julian; and Rigoberto Arambula dba Super Mercado Julian, the tenant defendants.  (*Id.* at ¶ 2.)  Defendant SSSC, Inc. answered the First Amended Complaint on April 21, 2022.  (Doc. 31.)

Plaintiff voluntarily dismissed Defendants Gladys Virginia Barboza and Angel Barboza without prejudice and Defendants Adib M. Dakheil and Thaar Najjar from this action with prejudice.  (Docs. 29, 30, 66, 67.)  The Clerk of the Court has entered default as to the remaining defendants:   Carlos Alberto Virgen Andrade, Leticia Vega Lopez, Pablo Torres Juarez, Rafael

1  Andrade, Rodolfo Arias Magdaleno, David Lara, Damariz M. Leon; and Rigoberto Arambula.
2  (Docs. 44, 60, 64.)

3  On December 9, 2022, the Court issued a Scheduling Conference Order.  (Doc. 72.)
4  Pursuant to that order, the deadline for any stipulated amendments or motions to amend the
5  pleadings was December 23, 2022.  (*Id.*)

6  On December 21, 2022, prior to the deadline for amendment to the pleadings, Plaintiff
7  filed the instant amended motion for leave to file a Second Amended Complaint.  (Doc. 76.)
8  According to the motion, Plaintiff seeks to amend the complaint to "allege all barriers to
9  Plaintiff's access" which exist at the facilities.  (Doc. 76-1 at 2.)  In conjunction with the motion,
10  Plaintiff submitted a redline of the proposed Second Amended Complaint.  (*See* Doc. 76-2, Ex. A
11  to Amended Declaration of Tanya E. Moore.)  Defendant SSSC, Inc. opposes the motion, arguing
12  that the motion should be denied because the requested amendment is inexcusably delayed and
13  futile.  (Doc. 78.)

14  **DISCUSSION**

15  Plaintiff's amended motion to amend, filed prior to the Scheduling Order deadline, is
16  considered under the Federal Rule of Civil Procedure 15 standard for amendment to the
17  pleadings.  *See Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608 (9th Cir. 1992)
18  (holding that motion to amend filed after pretrial scheduling order deadline must satisfy the
19  requirements of Federal Rule of Civil Procedure 16).  Rule 15(a) provides that a court "should
20  freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The United
21  States Supreme Court has stated:

22  > [i]n the absence of any apparent or declared reason—such as undue delay, bad faith
   > or dilatory motive on the part of the movant, repeated failure to cure deficiencies
23  > by amendments previously allowed, undue prejudice to the opposing party by virtue
   > of allowance of the amendment, futility of amendment, etc. —the leave sought
24  > should, as the rules require, be "freely given."

25  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The intent of the rule is to "facilitate decision on the
26  merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Center of S. Nev.*,
27  649 F.3d 1143, 1152 (9th Cir. 2011). Consequently, the "policy of favoring amendments to
28  pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979

1   (9th Cir. 1981).

2        "When considering whether to grant leave to amend, a district court should consider

3   several factors including undue delay, the movant's bad faith or dilatory motive, repeated failure

4   to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party,

5   and futility." *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (citing

6   *Foman*, 371 U.S. at 182); *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).  These factors

7   are not of equal weight as prejudice to the opposing party has long been held to be the most

8   critical factor in determining whether to grant leave to amend.  *Eminence Capital, LLC v. Aspeon,*

9   *Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the

10   consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v.*

11   *Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) ("Prejudice to the opposing party is the

12   most important factor.").  Absent prejudice, or a strong showing of any of the remaining factors, a

13   presumption exists under Rule 15(a) in favor of granting leave to amend. *Eminence Capital,* 316

14   F.3d at 1052.   The Court now turns to the relevant factors.

15        <u>Undue Delay</u>

16        Defendant SSSC, Inc. argues that Plaintiff Trujillo should not be allowed to amend his

17   complaint because the amendment is inexcusably delayed.  (Doc. 78 at 2.)  In evaluating undue

18   delay, the Court considers "whether the moving party knew or should have known the facts and

19   theories raised by the amendment in the original pleading." *Jackson*, 902 F.2d at 1388. In

20   addition, the Court examines whether "permitting an amendment would . . . produce an undue

21   delay in the litigation." *Id.* at 1387.

22        Defendant SSSC, Inc. contends that Plaintiff Trujillo's First Amended Complaint, filed on

23   April 6, 2021, included both exterior and interior barriers at each of the facilities.  Per Defendant

24   SSSC, Inc., this means that Plaintiff Trujillo "had a full and equal opportunity to personally

25   investigate all potential barriers relating to his disability and could have included them in his First

26   Amended Complaint, but chose not to."  (Doc. 78 at 3.)  Defendant SSSC, Inc. does not disagree

27   with the proposition that Plaintiff Trujillo can amend his complaint to challenge all barriers

28   related to his specific disability.  However, Defendant SSSC, Inc. asserts that because, on separate

occasions, Plaintiff Trujillo went through the common area of the facilities and each facility at issue, including the restrooms, then he had the opportunity and ability to include each and every actual barrier that he encountered in his First Amended Complaint.  (*Id.*)  Defendant SSSC, Inc. further asserts that the "proposed amendment asserts mostly duplicative allegations."  (*Id.* at 4.) As to purportedly new "barriers," Defendant SSSC, Inc. contends that if they were true "barriers," then they could have and should have been included in the First Amended Complaint.  (*Id.* at 5.)

Plaintiff Trujillo counters that he could not have alleged the full universe of barriers to his access until he could have the shopping center inspected by a Certified Access Specialist.  (Doc. 79 at 3.)  At the time he filed his First Amended Complaint, Plaintiff Trujillo claims that "he had not yet been able to inspect the facility and identify those barriers."  (*Id.*)  According to Plaintiff Trujillo, it is not surprising that his consultant, a Certified Access Specialist, "would identify additional and/or more specific violations than Plaintiff did; Plaintiff's visits to the facilities were for the purposes of obtaining goods and services, not conduct a full-on accessibility survey."  (*Id.* at 4.)

Even if the Court were to find that Plaintiff Trujillo knew or should have known the facts or barriers raised by the proposed amendment at the time of his First Amended Complaint and that his delay was substantial, that factor alone would not be sufficient ground for denial of leave to amend. *E.g., Webb*, 655 F.2d at 980 (noting that "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend"). Indeed, the Ninth Circuit has been clear that "delay, by itself, is insufficient to justify denial of leave to amend." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).   The Court therefore finds that this factor alone does not weigh against amendment.

Bad Faith

Defendant SSSC, Inc. does not argue or otherwise assert bad faith, and there is nothing in the record to suggest the motion to amend was made in bad faith or to indicate a wrongful motive. *See DCD Programs*, 833 F.2d at 187 ("Since there is no evidence in the record which would indicate a wrongful motive, there is no cause to uphold the denial of leave to amend on the basis of bad faith"); *Pizana v. SanMedica Int'l LLC*, No. 1:18-CV-00644-DAD-SKO, 2022 WL

5

1241098, at *10 (E.D. Cal. Apr. 27, 2022) (finding no bad faith in absence of any evidence of wrongful motive).  Absent evidence of any wrongful motive, this factor does not weigh against granting leave to amend.

Prior Amendments

The Court has not permitted or allowed previous amendments in this case.  Plaintiff Trujillo amended the original complaint once as a matter of course and only now seeks permission from the Court to amend.  Thus, this factor does not weigh against granting leave to amend.  *See Storz Mgmt. Co. v. Carey*, No. 2:18-CV-00068-TLN-DB, 2021 WL 848768, at *4 (E.D. Cal. Mar. 5, 2021) (concluding single prior amendment as a matter of course did not outweigh the other Rule 15 factors that weighed in favor of granting leave to amend).

Prejudice

Undue prejudice to the opposing party is the most important factor in deciding whether leave to amend should be granted. *Eminence Capital, LLC*, 316 F.3d at 1052. "'Undue prejudice' means substantial prejudice or substantial negative effect." *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1085 (S.D. Cal. 2002) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). The Ninth Circuit has found such "substantial prejudice where the claims sought to be added 'would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense.'" *Id.*

Defendant SSSC, Inc. does not identify any prejudice in permitting the proposed amendment.  As indicated, Plaintiff Trujillo filed the instant motion prior to the deadline set by the Court, and non-expert discovery remains open until May 1, 2023.  (Doc. 72.)  There is no indication that the amendment will alter the nature of the litigation or require duplication of discovery efforts already undertaken.  This is particularly true given Defendant SSSC, Inc.'s statement that the proposed amendment asserts mainly duplicative allegations.  (Doc. 78 at 4.) Thus, this factor does not weigh against granting leave to amend.

Futility

Defendant SSSC, Inc.'s principal argument against amendment is futility.  In particular,

Defendant SSSC, Inc. asserts that (1) Plaintiff Trujillo has not tied the list of alleged barriers to any technical design requirements in the ADA Accessibility Guidelines; and (2) the proposed amendment does not "provide fair notice as to what barriers are actually tied to Plaintiff's alleged disability," (Doc. 78 at 10), because the mobility device used during the alleged visits changed between the First Amended Complaint and Second Amended Complaint.

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). The Ninth Circuit has articulated the test for futility as when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (quoting *Sweaney v. Ada County*, 119 F.3d 1385, 1393 (9th Cir. 1997)). However, denial of leave to amend on this ground is rare. *Zurich Am. Ins. Co. of Illinois v. VForce Inc.*, No. 2:18-cv-02066-TLN-CKD, 2020 WL 2732046, at *3 (E.D. Cal. May 26, 2020) (citing *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)). "Ordinarily, 'courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.'" *Id.*

Here, the Court finds it appropriate to defer ruling on Defendant SSSC, Inc.'s futility challenge in the context of the motion to amend. Plaintiff Trujillo's claims are not so facially frivolous that the Court will conclude that it be futile to permit him leave to amend. The factual underpinnings of the asserted claims do not markedly differ between the First Amended Complaint and the proposed Second Amended Complaint.

## CONCLUSION AND ORDER

For the reasons discussed above, IT IS HEREBY ORDERED that:

1.      Plaintiff Trujillo's Amended Motion for Leave to File Second Amended Complaint (Doc. 76) is GRANTED;

2.      Plaintiff Trujillo shall file his Second Amended Complaint within five (5) days of the date of entry of this order; and

///

///

7

3.  Defendant SSSC, Inc. shall file an answer or other responsive pleading in compliance with the Federal Rules of Civil Procedure and any relevant Local Rules following electronic service of the Second Amended Complaint.

IT IS SO ORDERED.

Dated:  **January 20, 2023**                    /s/ *Barbara A. McAuliffe*
                                                 UNITED STATES MAGISTRATE JUDGE