UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOSE TRUJILLO,

                Plaintiff,

      v.

SSSC, INC., et al.,

                Defendants.

No.  1:21-cv-01691-KES-FRS

ORDER DENYING MOTION TO DISMISS

(Doc. 82)

Plaintiff Jose Trujillo asserts that he was denied his right of access to defendants' businesses under the American with Disabilities Act ("ADA"), the Unruh Act, and California's Health and Safety Code § 19955(a).  Doc. 81 ("SAC").  Defendant SSSC, Inc. ("SSSC") moves to dismiss, or in the alternative, for a more definite statement.  Doc. 82.  The matter is fully briefed and suitable for resolution without oral argument.  For the reasons set forth below, SSSC's motion to dismiss is denied.

1

## I.    BACKGROUND[1]

Plaintiff Trujillo is "substantially limited in his ability to walk" and uses a wheelchair or cane. SAC ¶ 8. Trujillo alleges he is physically disabled under applicable California and federal law. *Id.*

Trujillo lives twenty miles from a business complex that contains Mariscos El Camaron Borracho, El Charro Restaurant, Neverias El Sabor de Michoacan, Super Stop, and Super Mercado Julian (collectively, the "defendant facilities").[2] *Id.* ¶¶ 1, 10. SSSC is the landlord defendant. *Id.* ¶ 2. Trujillo visited Super Mercado Julian on or about February 9, 2021 to buy groceries, visited Mariscos El Camaron Borracho on or about April 4, 2021 to have dinner, visited El Charro Restaurant on or about August 5, 2021 to have dinner, and visited Neverias El Sabor de Michoacan on or about August 23, 2021 to have ice cream. *Id.* ¶ 10.

During his visit to the defendant facilities, Trujillo encountered "physical and intangible" barriers that interfered with or denied him the ability to use and enjoy the goods, services, and accommodations offered by the defendant facilities. *Id.* The barriers included:

a. an insufficient number of accessible parking stalls, which made it difficult for Trujillo to locate an accessible parking stall near the defendant facilities;

b. a narrow access aisle between the designated accessible parking stalls, which required Trujillo to wait for other cars to leave before he could unload;

c. an excessively sloped and obstructed route from the designated accessible parking spots to the defendant facilities, which made it difficult for Trujillo to control his wheelchair and caused Trujillo to struggle to navigate between the obstructions;

d. at Super Mercado Julian: a heavy entrance door, a high meat counter, and a high transaction counter, which made it difficult for Trujillo to open the door, reach over the high counter, and pay;

---

[1] The recitation of facts is based on the allegations in the complaint, the truth of which the Court accepts for purposes of resolving the motion to dismiss. *See Boquist v. Courtney*, 32 F.4th 764, 772 (9th Cir. 2022).

[2] On October 28, 2022, plaintiff voluntarily dismissed with prejudice defendants Adib M. Dakheil dba Super Stop and Thaar Najjar dba Super Stop. Doc. 28.

2

e.  at Mariscos El Camaron Borracho: the heavy entrance door and an obstructed area around the entrance made it difficult for Trujillo to open the entrance door; the table lacked sufficient knee clearances, which caused Trujillo difficulty and discomfort while eating; the restroom door was hard to open because the hallway lacked sufficient clearances; restroom supplies were positioned out of Trujillo's reach; the restroom sink was positioned too low, which made it difficult for Trujillo to pull his wheelchair close to the sink when washing his hands; and the transaction counter was too high, which made it difficult for Trujillo to read the display on the point-of-sale machine;

f.  at El Charro Restaurant: the interior and exterior entrance doors were too heavy and there were obstructions between the series of two doors, which made it difficult for Trujillo to easily open the doors and maneuver; Trujillo could not locate any accessible tables, so Trujillo sat at a table where he had to sit an uncomfortable distance from the table while eating; the men's restroom entrance lacked sufficient clear space outside the door, which made it difficult for Trujillo to approach and open the door; the plumbing beneath the lavatory in the men's restroom was not properly insulated, which caused Trujillo to fear he would burn his legs while washing his hands; there was a grate in the floor in the men's restroom, which made it hard for Trujillo to maneuver his wheelchair; and the men's restroom stall door lacked sufficient maneuvering clearances, which made it hard for Trujillo to open the stall door;

g.  at Neverias El Sabor de Michoacan: the entrance door was heavy and the threshold was high, which made it difficult for Trujillo to maneuver his wheelchair while holding the heavy door; there was a sign underneath the transaction counter, which prevented Trujillo from pulling his wheelchair close to it; and the surface of the counter was obstructed by the cash register and point-of-sale device, which made it difficult for Trujillo to pay.

SAC ¶¶ 10, 11.  Trujillo alleges that he "was, and continues to be, deterred from visiting" the defendant facilities due to the barriers he encountered.  *Id.* ¶ 12.

Trujillo filed this action on November 24, 2021.  After receiving leave to amend, Trujillo filed the SAC, asserting causes of actions for violation of the ADA, violation of the Unruh Act, and violation of California's Health and Safety Code § 19955(a).  SAC.  SSSC filed a motion to dismiss or, in the alternative, for a more definite statement.  Doc. 82.  The motion is fully briefed.  Docs. 82, 84, 86.

## II.    LEGAL STANDARDS

### A.    Motion to Dismiss Under Rule 12(b)(1)

A motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) may be facial or factual.  *San Diego Cnty. Credit Union v. Citizens Equity First Credit Union*, 65 F.4th 1012, 1028 (9th Cir. 2023).  "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)).  "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): [a]ccepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction."  *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).  "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  *Safe Air for Everyone*, 373 F.3d at 1039.

### B.    Motion to dismiss under Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  In evaluating a motion to dismiss under Rule 12(b)(6), the Court presumes the factual allegations within the complaint to be true and draws all reasonable inferences in favor of the nonmoving party.  *Murguia v. Langdon*, 61 F.4th 1096, 1106 (9th Cir. 2023) (citing *Usher v. City of L.A.*, 828 F.2d 556, 561 (9th Cir. 1987)).

Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Under federal notice pleading standards, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). It is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

**C.     Motion for a more definite statement under Rule 12(e)**

Under Rule 12(e), "[a] party may move for a more definite statement of a pleading ... which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Under Rule 12(e), a defendant may move for a more definite statement if the allegations in the pleading fail to provide the defendant with sufficient notice. *See Swierkiewicz*, 534 U.S. at 514. An order granting the motion is appropriate when the responding party cannot ascertain the substance of the asserted claim. *Buckley v. Cnty. of San Mateo*, 2015 WL 5769616, at *5 (N.D. Cal. Oct. 2, 2015).

**III.    ANALYSIS**

SSSC moves for dismissal, or in the alternative for a more definite statement, arguing that the SAC fails to cite specific design standards and that it fails to adequately plead a "case or controversy" or to provide adequate notice of Trujillo's claims.[3] Doc. 82-1 at 2, 5.

"[T]o satisfy Article III's standing requirements, a plaintiff must show (1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not

---

[3] SSSC's unopposed request for judicial notice (Doc. 82-2) is granted. *See* Fed. R. Evid. 201(b) ("[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 180–81 (2000); *see also Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). The party invoking federal jurisdiction bears the burden of establishing that each element of standing is met. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992). "[W[hen an ADA plaintiff has suffered an injury-in-fact by encountering a barrier that deprives him of full and equal enjoyment of the facility due to his particular disability, he has standing to sue for injunctive relief as to that barrier and other barriers related to his disability, even if he is not deterred from returning to the public accommodation at issue." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944 (9th Cir. 2011).

Trujillo adequately pleads standing to pursue this action. SSSC concedes that the SAC satisfies the injury-in fact requirement of Article III standing. Doc. 82-1 at 5. Trujillo alleges that he is disabled within the meaning of the ADA, as he has limited mobility and uses a wheelchair and cane. SAC ¶ 8. Under the ADA, a physical impairment that substantially limits a major life activity, such as walking or performing manual tasks, qualifies as a disability. 42 U.S.C. § 12102(1)(A), (2)(A). The complaint also adequately alleges the barriers Trujillo encountered and how he was denied full and equal enjoyment of the premises. For example, Trujillo alleges that, at Super Mercado Julian, he encountered a heavy entrance door, a high meat counter, and a high transaction counter, which made it difficult for Trujillo to open the door, reach over the high counter, and pay. SAC ¶ 10(j)–(l). "Allegations that a plaintiff suffered discrimination because he confronted at least one specific barrier relating to his disability satisfy the requirement to show a concrete and particularized injury for standing to pursue an ADA claim." *Whitaker v. Panama Joes Invs. LLC*, 840 F. App'x 961, 963 (9th Cir. 2021) (citing *Chapman*, 631 F.3d at 954).

SSSC argues that Trujillo fails to plead a valid "case or controversy" because the SAC does not include citations to design standards. Doc. 82-1 at 5. But "citing specific ADAAG guidelines is not required" for a plaintiff to allege a concrete and particularized injury. *Whitaker*

6

*v. Panama Joes*, 840 F. App'x at 963.  Trujillo's allegations that he uses a wheelchair and cane for mobility, that he visited the defendants' premises and personally encountered barriers related to his disability, and that those barriers have deterred him from returning, sufficiently establish his alleged injury.  *See Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1179 (9th Cir. 2021) (noting that allegations that plaintiff is disabled and personally encountered a specific barrier related to his disability that deters him from returning are sufficient to establish standing).

SSSC also argues that the SAC is vague and ambiguous as it does not cite to applicable design standards.  Doc. 82-1 at 6.  Referencing the ADA Accessibility Guidelines ("ADAAG") and the ADA Standards for Accessible Design ("ADAS"), SSSC argues that citation to the design standards is necessary it to be able to determine whether there is liability and to determine how to respond to the SAC.  Doc. 82-1 at 6–7.  But the allegations in the operative complaint sufficiently detail specific barriers and how those barriers denied Trujillo full and equal enjoyment of the premises, such as Trujillo's allegation that an entrance door was too heavy, making it difficult for him to maneuver his wheelchair, and his allegation that a restroom sink was positioned too low. SAC ¶ 10–11; *see Escobedo v. Papazian*, No. 1:24-CV-00636-SAB, 2024 WL 3861439, at *5 (E.D. Cal. Aug. 19, 2024) (plaintiff not required to specify technical design standards to state a claim as plaintiff sufficiently alleged he encountered barriers to provide defendant with notice of alleged defects).

The Ninth Circuit has rejected the argument that "ADA plaintiffs must prove the defendant contravened a 'specific requirement of the ADAAG,' to establish a violation of the ADA," noting that the requirements to establish an ADA claim derive from 42 U.S.C. § 12182, not design standards such as the ADAAG.  *See Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1084 (9th Cir. 2004).  SSSC argues that other district courts in this circuit have misapplied *Fortyune*, was a discriminatory policy or practice case and not a construction-related access claim.  Doc. 82-1 at 8.  But *Fortyune*'s holding that 42 U.S.C. § 12182 establishes the pleading requirements to state an ADA claim applies to this action.  "Since *Fortyune*, courts in this circuit have rejected the argument that an ADA Plaintiff must plead a specific violation of the ADAAG to state an ADA claim."  *Escobedo*, 2024 WL 3861439, at *5 (collecting cases).  SSSC does not

provide any authority in support of its argument that Rule 8 requires a plaintiff to cite to specific design standards.

"Rule 8 requires that pleadings include 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Whitaker v. Tesla Motors*, 985 F.3d at 1175 (quoting Fed. R. Civ. P. 12(b)(6)).  The allegations in the SAC provide defendants fair notice as to the barriers that Trujillo encountered while visiting the property and the claims against which the defendant facilities will have to mount a defense.  Rule 8 does not require more.  *Brooke v. Cooper House LLC*, No. 5:21-cv-00507-EJD, 2021 WL 2383342, at *2 (N.D. Cal. June 10, 2021) (allegations of barriers plaintiff encountered while visiting property and identification of claims at issue sufficient state a claim).  The "information Defendant seeks is better sought through discovery, rather than through a motion for a more definite statement," *id.*, or a motion to dismiss for failure to state a claim.

## IV.   CONCLUSION

For the foregoing reasons, SSSC's motion to dismiss (Doc. 82) is denied.

IT IS SO ORDERED.

Dated:   March 2, 2026

_____
UNITED STATES DISTRICT JUDGE

8